# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Geraldine Soat Brown | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6261 | **DATE** | 7/12/2001 |
| **CASE TITLE** | Chen vs. Mayflower Transit, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Defendant's motion to dismiss count V of plaintiff's second amended complaint [51-1] is denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 12 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 JUL 12 PM 2:00 | date mailed notice | |
| kf | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ANGIE CHEN,
    Plaintiff/Counter Defendant,

v.

MAYFLOWER TRANSIT, INC.,
    Defendant/Counter Plaintiff.

Case No. 99 C 6261

Magistrate Judge Geraldine Soat Brown

DOCKETED JUL 12 2001

## MEMORANDUM OPINION AND ORDER

This cause coming to be heard on the defendant's Motion to Dismiss Count V of the Second Amended Complaint, the Court having reviewed the defendant's Motion and Brief in Support, defendant's motion to dismiss is hereby DENIED, for the reasons set out herein.

When plaintiff Angie Chen ("Chen") sought to file a Second Amended Complaint including a Count V alleging a claim under the Racketeer Influenced Corrupt Organizations Act (18 U.S.C. §1961 *et seq.* (RICO)), defendant Mayflower Transit, Inc. ("Mayflower") filed a Response to Plaintiff's Motion to Amend Complaint [Dkt #38], which included the argument that such an amendment would be futile because Chen's Count V failed to assert a claim under RICO. This Court heard oral argument on Chen's motion, and on May 25, 2001, issued a Memorandum Opinion and Order (the "May Opinion" [Dkt #49]) granting Chen leave to file the Second Amended Complaint including Count V.

Mayflower has now filed a motion to dismiss the RICO claims of the Second Amended Complaint, which is patently a motion for reconsideration of the May Opinion that permitted the filing of the Second Amended Complaint. As discussed in the May Opinion (at 3), in reviewing a proposed amendment for futility, the court applies the same standard of legal sufficiency as applies

1



to a Rule 12(b)(6) motion to dismiss.

In its original Response to Chen's motion for leave to file its RICO claim, Mayflower merely made the simplistic argument that a corporation and its agents can never constitute an "enterprise." (Def.'s Resp. to Pl.'s Mot. to Am. Compl. at 9.)[1] Obviously, that argument must be rejected, since the Seventh Circuit has specifically refused to rule out that possibility. *See Fitzgerald v. Chrysler Corp.*, 116 F.3d 225, 228 (7th Cir. 1997), discussed in May Opinion at 7. Mayflower now argues that the May Opinion "clearly fails to follow numerous decisions of the Courts of Appeals, particularly those of the Seventh Circuit" relating to the issue of the distinctiveness of the RICO enterprise alleged. (Def's Br. in Supp. of Mot. to Dismiss at 1.)

Contrary to Mayflower's implication, each of the Seventh Circuit opinions discussed in Mayflower's current Brief–*Haroco, Inc. v. American National Bank and Trust Co. of Chicago*, 747 F.2d 384 (7th Cir. 1984); *Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640 (7th Cir. 1995); *Fitzgerald v. Chrysler Corp.*, 116 F.3d 225 (7th Cir. 1997); and *Emery v. American General Finance, Inc.* 134 F.3d 1321 (7th Cir. 1998)–was considered prior to issuing the May Opinion. Each of those opinions was also thoroughly discussed by Judge Kennelly in *Majchrowski v. Norwest Mortgage, Inc.*, 6 F.Supp.2d 946, 953-958 (N.D.Ill. 1998), which was discussed in the May Opinion at 7. The recent Supreme Court decision in *Cedric Kushner Promotions Ltd v. King*, ----U.S.----, 121 S.Ct.

---

[1] In its original Response in opposition to Chen's motion for leave to file the RICO claim, Mayflower devoted barely a page to the discussion of the "enterprise" requirement of RICO. *See* Def.'s Resp. to Pl.'s Mot. to Am. Compl. at 9-10. Instead, Mayflower devoted considerable space in its Response to arguments about potential affirmative defenses outside the scope of the proposed pleading under consideration. *See* Def.'s Resp. to Pl.'s Mot. to Am. Compl. at 7-9. As for the "numerous decisions of the Courts of Appeals" relating to the issue of distinctiveness that Mayflower now argues are contrary to Chen's RICO claim, *only one* was cited *at all* in Mayflower's Response to Plaintiff's Motion to Amend Complaint, *Haroco, Inc. v. American National Bank and Trust Co. of Chicago*, 747 F.2d 384 (7th Cir. 1984), which was cited by Mayflower on a different point. *See* Def.'s Resp. to Pl.'s Mot. to Am. Compl. at 5.

2087 (June 11, 2001), had not been issued at the time of the May Opinion, although its pendency was noted. (May Opinion at 6, n.2.) However, the *Cedric Kushner* decision does not support dismissing Chen's RICO claim. While not precisely on point to this case, in that decision the Supreme Court held that the Second Circuit had construed the distinctiveness requirement too narrowly. The Supreme Court rejected the Second Circuit's holding that a corporate employee conducting the affairs of a corporation of which he is the sole owner is not distinct enough from the corporation in order to satisfy RICO. The defendant in *Cedric Kushner* cited the same principles cited by Mayflower here: That a corporation acts only through its employees and agents, and that a corporation cannot conspire with its employees in violation of antitrust laws. ----U.S. at----, ___ S.Ct. at 2092. However, the Supreme Court stated that the formal legal distinction created by incorporation is sufficient for the RICO statute. *Id.* Mayflower now argues that "[t]he legal unity of the interstate carrier and its agents is compelled by federal law." (Def.'s Br. in Supp. of Mot. to Dismiss at 8.) However, Mayflower's argument does not dissolve the legal distinction that exists between Mayflower and the other corporations that Chen alleges constitute the association that is the "enterprise." At most Mayflower cites authority suggesting that it may be liable for actions by the associated local agents. That in itself is not enough to demonstrate that Mayflower and its agents could *never* form an association that would constitute a RICO enterprise.

Mayflower argues that a corporate defendant cannot be liable under RICO for conducting *its own affairs* through its agents. (Def.'s Br. in Supp. of Mot. to Dismiss at 4, emphasis in original.) The May Opinion made the same point (May Opinion at 7), but concluded that Chen's Count V contains allegations supporting the inference that Mayflower and its local agents went beyond conducting the normal affairs of Mayflower.

Mayflower fails to consider Chen's pleading under the standard applicable on a motion to

3

amend (or a motion to dismiss): The Court can deny an amendment (or dismiss a pleading) only if it is clear that no set of facts consistent with its allegations would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Viewing Chen's proposed pleading under the applicable standard, the allegations of Chen's RICO claim can fairly be read to allege that Mayflower and its local agents went beyond conducting the normal affairs of Mayflower, and were acting on behalf of the enterprise with the goal of extorting additional money out of Chen and others for their own benefit through the device of the enterprise.

Mayflower's Brief (at 7) includes a quotation from the Seventh Circuit's decision in *Fitzgerald* in which that Court asks the following rhetorical questions:

> What possible difference, from the standpoint of preventing the type of abuse for which RICO was designed, can it make that Chrysler sells its products to the consumer through franchised dealers rather than through dealerships that it owns, or finances the purchase of its motorvehicles through trusts, or sells abroad through subsidiaries? . . . In the prototypical case with which we began, it is easy to see how the defendant gains additional power to do evil by taking over a seemingly legitimate enterprise. How, though, was Chrysler empowered to perpetuate warranty fraud by selling through dealers rather than directly to the public?

116 F.3d at 227.

In this case, those questions are answered by Chen's pleading. The use of separately incorporated local agents permitted the enterprise (the agents and Mayflower working together) to take Chen's goods representing that certain terms of the agreement were as Chen understood them, and use the fact that the goods were being held by employees of a different local agent (Century) as a basis to refuse to honor the agreements that Chen had made, requiring Chen to pay additional amounts in order to get the local agent to release her goods. (2nd Am. Compl.¶ 6-56.)[2]

---

[2] The possibility that Chen may be able to prove these allegations is suggested by the transcript of Chen's telephone conversations with various employees of Mayflower and its agents, which was attached as Exhibit G to *Mayflower's* Response. In that transcript, Chen refers to a letter

Contrary to Mayflower's argument, this Court has not "concluded that there is a distinct 'enterprise'." (Def.'s Br. in Supp. of Mot. to Dismiss at 12.) The Court has concluded that it is possible that Chen *may* be able to prove a set of facts that would entitle her to relief under RICO. That is all that is at issue on a motion for leave to amend or a motion to dismiss.

For the foregoing reasons, the defendant's motion to dismiss is denied.

**IT IS SO ORDERED.**

GERALDINE SOAT BROWN
**United States Magistrate Judge**

DATED: July 12, 2001

---

that she states was issued by Mayflower authorizing payment by credit card. The representative of Mayflower's local agent (Century) refuses to accept payment by credit card, stating, "You know, we didn't book your order. If the driver doesn't get certified funds, he cannot make delivery." (Ex. G. at 1.) Shortly thereafter, the same representative states, "Unfortunately, we didn't book your order." (Ex. G at 2.) *See* Second Amended Complaint ¶¶23, 31-32.

5