# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Geraldine Soat Brown | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6261 | **DATE** | 9/22/2004 |
| **CASE TITLE** | Angie Chen vs. Mayflower Transit, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the Memorandum Opinion and Order, Defendant's Motion to Deem Additional Matters Admitted [140-1] is denied. However, as further set forth in the Memorandum Opinion and Order, a number of facts appear to be both material and without substantial controversy. If Plaintiff has any objection to any of those nine statements being read to the jury as uncontested facts, she must file an objection identifying the specific proposed fact(s) to which she objects, and serve defendant's counsel with a copy of her objections, by 4:30 p.m. on 9/27/04. Enter Memorandum Opinion and Order. /s/ Geraldine Soat Brown

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | SEP 2 3 2004 | 140 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 2004 SEP 22 PM 3:26 | 9/22/2004 date mailed notice | |
| GR | courtroom deputy's initials | Date/time received in central Clerk's Office | GR mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



ANGIE CHEN,           )
                      )
    Plaintiff,        )   Cause No. 99 C 6261
                      )
v.                    )   Magistrate Judge Geraldine Soat Brown
                      )
MAYFLOWER TRANSIT, INC., )
                      )
    Defendant.        )
                      )

## MEMORANDUM OPINION AND ORDER

Defendant Mayflower Transit, Inc. ("Mayflower") has moved to have the statements in its Local Rule 56.1 Statement to which plaintiff Angie Chen ("Chen") responded either "undisputed," or "disputed in part," be deemed as admissions by Chen to be read to the jury at the trial of this case. For the reasons set out below, Defendant's Motion to Deem Additional Matters Admitted [dkt 140] is denied. However, pursuant to Federal Rule of Civil Procedure 56(d), this order identifies a number of facts that appear to be both material and without substantial controversy. Chen shall file and serve an objection by September 27, 2004 if Chen objects to any of those facts being read to the jury as uncontested facts.

### Background

In connection with its earlier motion for summary judgment on Chen's RICO claim, Mayflower served a Statement of Material Facts pursuant to Northern District of Illinois Local Rule

56.1. [Dkt 103.] As required by that Local Rule, Chen served a response to that statement which, in a number of instances, responded that facts stated by Mayflower were either "undisputed" or "disputed in part." (Pl.'s 56.1(B) Resp. & Stmt. Add'l Facts.) [Dkt 105.] Mayflower's motion for summary judgment was denied [dkt 119], and the case is now set for trial. Mayflower's present motion states that Mayflower sought to have those statements submitted as stipulations of fact in the draft pretrial order, but Chen refused to agree to do so. (Def.'s Mot. at 1.) Mayflower has asked that the court determine those facts to be deemed admitted by virtue of Chen's Local Rule 56.1 response, and permit them to be read to the jury. (*Id.*)

**Discussion**

I. Mayflower's motion is denied.

Local Rule 56.1 sets out a procedure that parties must follow in connection with a motion for summary judgment. The moving party must file a statement of material facts as to which the moving party contends there is no genuine issue; the opposing party must file a response to the statement that includes, "in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, . . . ." L.R. 56.1(a)(3) and (b)(3)(A). The Local Rule expressly states, "All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." L.R. 56.1(b)(3)(B).

The Seventh Circuit has emphasized the importance of compliance with Local Rule 56.1 for purposes of facilitating the decision on summary judgment. *See, e.g., Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817-18 (7th Cir. 2004) (citing cases). The Seventh Circuit has not

2

determined whether Local Rule 56.1 responses may be used for any purpose if the motion for summary judgment does not terminate the case. Mayflower cites *Zander v. Continental Casualty Co.*, No. 02-2696, 2003 WL 1545200 (7th Cir. Mar. 24, 2003), in support of its position. (Def.'s Mot. at 1.) However, that decision is an unpublished order that may not be cited as authority. 7th Cir. R. 53(b)(2)(iv).[1]

More appropriately, Mayflower cites a decision by another judge of this District holding that a Local Rule response could be used as an admission at trial. In *Frymire v. Peat, Marwick, Mitchell & Co.*, No. 85 C 10460, 1991 WL 66381 at *1 (N.D. Ill. April 22, 1991) (Lindberg, J.), the court held that:

> where an admission in a document required to be filed in proceedings on a motion for summary judgment has such potentially serious consequences as a Rule 12(N) [the predecessor to Local Rule 56.1] response does, the admission is of sufficient quality to permit it to be used at trial.

Other judges of this District have held otherwise. In *TIG Ins. Co. v. Giffin, Winning, Cohen & Bodewes, P.C.*, No. 00 C 2737, 2002 WL 31870528 at *5 (N.D. Ill. Dec. 20, 2002) (Plunkett, J.), the court refused to hold a defendant bound to admissions it effectively made by failing to respond to the plaintiff's Local Rule statement. The defendant in that case had moved for summary judgment.

---

[1] Even if this court could consider the *Zander* decision (which it cannot), *Zander* is not authority for Mayflower's motion. In that case, the district court based a decision to grant summary judgment for the plaintiff on a statement in the defendant's statement of undisputed facts. 2003 WL 1545200 at *2. The Seventh Circuit held that the statement constituted an admission that the defendant "is not entitled to controvert . . . *on appeal.*" *Id.* (emphasis added). The Court did not state that the defendant would be bound by that statement if the motion for summary judgment had been denied. *Compare Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) (stating that "Local Rule 56.1's enforcement provision provides that when a responding party's statement fails to controvert the facts as set forth in the moving party's statement in the manner dictated by the rule, those facts shall be deemed admitted *for purposes of the motion*") (emphasis added).

3

*Id.* The plaintiff filed a Local Rule 56.1(b)(3)(B) statement of additional facts supporting the denial of summary judgment. *Id.* The defendant did not file a response to that statement. *Id.* Summary judgment was apparently denied. The plaintiff then filed a motion in limine seeking to exclude from trial evidence inconsistent with the plaintiff's Local Rule 56.1(b)(3)(B) statement. *Id.* at *1, 5. The court held that the defendant's failure to respond to the plaintiff's Local Rule 56.1(b)(3)(B) statement was not binding on the defendant because it was not an admission "in a pleading." *Id.* at *5. The court further stated that, even if the failure to respond was an admission, the court had the discretion to decide whether or not to accept a judicial admission. *Id.* (quoting *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997)). The court also observed that the failure to respond would be an admission only as to the facts that were material to the motion for summary judgment, and the plaintiff had made no effort to cull the material facts from its Local Rule 56.1(b)(3)(B) statement, arguing instead that the entire statement should be deemed admitted. *Id.*

The *TIG* decision illustrates one of the practical problems with using Local Rule statements for any purpose other than as intended.[2] A more fundamental issue is whether a local rule procedure

---

[2] Another problem is whether, if such responses are deemed admissions, they are judicial admissions or evidentiary admissions.

> Judicial admissions are formal concessions in the pleadings, or stipulations by a party or its counsel, that are binding upon the party making them. They may not be controverted at trial or on appeal. . . . A judicial admission is conclusive, unless the court allows it to be withdrawn; ordinary evidentiary admissions, in contrast, may be controverted or explained by the party.

*Keller v. United States*, 58 F.3d 1194, 1198 n. 8 (7th Cir. 1995) (citations omitted). By suggesting that the statements be included in the stipulation of facts, Mayflower apparently sought to have them deemed judicial admissions by Chen. However, one court that allowed Local Rule responses to be used at trial refused to permit the responses to be identified as stipulations; rather, the responses could be used only as evidentiary admissions. *See Greenwich Ind., L.P. v. Specialized Seating, Inc.*, No. 02 C 5000, 2003 WL 21148389 at *1-2 (N.D. Ill. May 16, 2003)

designed to facilitate the court's ruling on summary judgment should, after its purpose has been served, be elevated to the same status as a procedure specifically established by the Federal Rules of Civil Procedure. This court believes that it should not.

First, it is unnecessary. Each paragraph of a Local Rule statement must be supported by "affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph." L.R. 56.1(a). Thus, by definition, the party filing the Local Rule statement already has the evidence necessary to prove the fact at trial.

Second, it is redundant in light of the request to admit procedure expressly established in Rule 36 of the Federal Rules of Civil Procedure. That rule provides a process for simplifying proof at trial or on dispositive motion by identifying facts that cannot reasonably be disputed. The conclusive effect of an admission pursuant to that rule is expressly stated. *See* Fed. R. Civ. P. 36(b). In the present case, a specific deadline was set for the serving of requests to admit, well before the motions for summary judgment were filed. (Nov. 1, 2002 Order.) [Dkt 89.] The court has serious reservations about creating a local rule alternative to the request to admit process, especially where the local rule does not expressly state that it has any other use except on a motion for summary judgment.

Third, deeming Local Rule 56.1 responses as admissions for purposes of trial may hinder the original purpose of the local rule. Undoubtedly, Local Rule 56.1 responses can have serious consequences, as observed by the court in the *Frymire* case and illustrated by the *Ammons* case. On the other hand, they may have no effect on the motion for summary judgment if, even with the admission, the movant has not presented the evidence necessary to obtain summary judgment. A

---

(Conlon, J.).

party may decide that a factual matter is inconsequential to the decision on summary judgment, but may not want to be bound by that fact if the matter goes to trial. If failing to dispute a matter in a Local Rule 56.1 statement forecloses presenting any evidence on that point at trial, parties will be very reluctant to acknowledge that any fact, even the most trivial, is "undisputed."

Fourth, Federal Rule of Civil Procedure 56(d) sets out a procedure by which the responses can be put to use in the trial, in the control and discretion of the judge. That section of Rule 56 provides that, if a motion for summary judgment is denied, the court:

> by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy.... Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

Fed. R. Civ. P. 56(d). The judge is thereby authorized, in the court's discretion, to determine what is really contested. Presumably, the Local Rule responses will be a significant part of that decision.

For the foregoing reasons, the court concludes that the parties' Local Rule 56.1 responses cannot be used as admissions in the trial of the case. Mayflower's motion is denied.

II. Pursuant to Federal Rule of Civil Procedure 56(d), certain facts appear to be without substantial controversy.

Although Mayflower's motion is denied, Mayflower correctly points that the trial would be expedited by allowing facts not disputed to be submitted to the jury as stipulated. Chen objects that many of the undisputed statements are selected passages from Mayflower's tariff, which should be read in the context of the entire tariff, pursuant to Federal Rule of Evidence 106. (Pl.'s Resp. at 3-4.) The court agrees that the tariff passages should not be read as stipulated facts, both pursuant to the

logic of Rule 106 and because it is unlikely that the jurors will be able to make much sense out of them read as stipulated facts. However, reviewing Chen's Local Rule 56.1 response, the court concludes that the following facts appear to be both material and without substantial controversy:

1. Mayflower is federally licensed as an interstate motor carrier and has been for over 75 years.

2. Mayflower enters into Agency Agreements with independently owned moving and storage companies located in all 50 states. Currently, there are approximately 400 Mayflower agents. To become an agent of Mayflower, the independent moving and storage company must enter into Mayflower's standard agency contract. By signing the Agency Agreement the agents agree to abide by Mayflower's policies, procedures, tariffs and applicable federal and state laws and regulations.

3. In its interstate household goods business, Mayflower itself does not own trucks, does not employ drivers, and does not directly perform the physical work associated with any aspect of transporting the goods in interstate commerce. That work is performed by drivers provided by the agents and trucks that are leased to Mayflower by its agents. All Mayflower agents execute a standard lease providing that, when their trucks and trailers are engaged in rendering any services relating to the interstate transportation of goods under Mayflower's federal operating authority, they are leased to Mayflower.

4. While it is the Mayflower agent who employs the drivers and owns or leases the equipment used to service a Mayflower interstate household goods shipment, Mayflower is responsible for qualifying the drivers and equipment pursuant to the Federal Motor Carrier Safety Regulations and Mayflower's policies. It is a violation of Mayflower policy for agents to use unqualified drivers or equipment for shipments moving under Mayflower's federal operating authority. Agents who

7

deviate from Mayflower's policy in this way are subject to disciplinary action, up to and including termination of the Agency Agreement.

5. For Mayflower shipments moving under Mayflower authority, when a credit card is used to pay for transportation services, the merchant account used is the one held by Mayflower. For moves registered with Mayflower and moving under Mayflower's authority, Mayflower's policies require that the shipper's card be processed through Mayflower's merchant account. This means that the customer's payment is received by Mayflower, and not by the agent. It also means that Mayflower is the one dealing with the credit card issuer, under Mayflower's contract with the issuer.

6. Credit card billings are collected directly by Mayflower. When cash is collected by the hauling agent at delivery, the funds are retained by the agent, but the agent enters into the Mayflower system the amount collected and it is posted as a debit against the agent's account when distribution takes place. When Mayflower distributes the revenue for a given shipment to the agents providing the service, the revenue is posted to the hauling agent's statement as a credit, which results in a partial offset. The accrued net statement balance between Mayflower and the agent is cleared on a weekly basis. When the week's transactions result in a net credit balance, Mayflower transfers the credit amount to the agent's bank account by electronic funds transfer. When the week's transactions result in a net debit balance, because the agent collects more money on Mayflower orders than it received credits for services provided, the agent is required to remit payment of the debit amount to Mayflower.

7. Once the funds are collected for a given interstate shipment, Mayflower distributes them in accordance with a predetermined formula. The "line haul" charges, constituting the charges for actual transportation of the shipment, are distributed on average (the exact percentage varies with

the weight of the shipment and the distance it is transported) as follows: Mayflower retains 13%; the agent booking the shipment is paid 14%; the origin agent (which is usually, but not always, the same as the booking agent) receives 3%; and the balance is paid to the hauling agent. The hauling agent is the one that transports the shipment from origin to destination, and who provides the equipment and the driver. The origin agent is the one that provides services at the origin including estimating and packing, and when required, picks up the shipment from the residence and holds it at the warehouse. The booking agent is responsible for registering the shipment in the Mayflower system. The shipper is not charged for an estimate, and the booking agent receives no payment for providing an estimate to the shipper.

8. Charges for services rendered at the point of origin are distributed 100% to the agent that provides the service, except for packing, of which Mayflower retains 10% with the agent receiving the rest, excluding the cost of containers. Valuation charges are retained by Mayflower in their entirety, because Mayflower has the financial liability for any cargo loss or damage to the shipment. Charges for services rendered at destination are distributed 100% to the agent that provides the service. Thus Mayflower derives no revenue from any additional services performed incident to the delivery of shipments.

9. Mayflower contracts to perform up to 400 interstate moves per day.

Because the parties were not advised that the court would enter an order pursuant to Rule 56(d), Chen will be given an opportunity to file an objection to any of those nine statements being read to the jury as an uncontested fact.

## Conclusion

For the reasons discussed above, Mayflower's motion is denied. However, as further set forth above, a number of facts appear to be both material and without substantial controversy. If Chen has any objection to any of those nine statements being read to the jury as uncontested facts, she must file an objection identifying the specific proposed fact(s) to which she objects, and serve Mayflower's counsel with a copy of her objections, by 4:30 p.m. on September 27, 2004.

IT IS SO ORDERED.

Geraldine Soat Brown
United States Magistrate Judge

September 22, 2004